Brett D. Cragun (Utah Bar No. 8683)
Cragun & Cragun
PO Box 160234
Clearfield, UT 84016
Tel: (801) 450-3267
Fax: (801) 513-2082
Email: brett@brettcragun.com
Attorney for Plaintiff,
CAMERON WILLIAMS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| CAMERON WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A. d/b/a Cardmember Service,<br><br>Defendant | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

## **COMPLAINT**

Plaintiff, CAMERON WILLIAMS ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, U.S. BANK, N.A. d/b/a Cardmember Service ("Defendant"), alleging as follows:

### I. INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. The TCPA was legislated to prevent companies like Defendant from invading Americans'

privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Utah pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

5. The violations described in this Complaint occurred in Utah.

## III. PARTIES

6. Plaintiff is a natural person residing in Salt Lake County, in the City of Salt Lake City, in the State of Utah, and is otherwise *sui juris*.

7. Defendant is a North Dakota corporation doing business in the State of Utah.

8. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

9. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## IV. FACTUAL ALLEGATIONS

10. Defendant placed calls to Plaintiff regarding an REI Co-op World Elite Mastercard.

11. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

12. These calls were placed to telephone number (864) 905-20XX.

13. Telephone number (864) 905-20XX is assigned to cellular telephone service.

14. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 236-9454. (800) 236-4188 and (913) 324-1826.

15. Upon information and belief, based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system and/or an artificial or prerecorded voice.

16. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

17. Defendant never received Plaintiff's "prior express consent" to place these calls using an automatic telephone dialing system or an artificial or prerecorded voice.

18. On or about November 29, 2018, Plaintiff called Defendant at telephone number (800) 236-9454 and spoke with Defendant's employee.

19. Plaintiff told Defendant he was bothered by its calls and asked Defendant to stop calling his cellular telephone.

20. During the conversation, Plaintiff gave Defendant his full name, social security number, zip code and phone number, in order to assist Defendant in identifying him and accessing any of his accounts.

21. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on November 29, 2018.

22. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone after November 29, 2018.

23. Since November 29, 2018, Defendant placed at least three hundred and twenty-two (322) calls to Plaintiff's cellular telephone.

24. Defendant used an automatic telephone dialing system and/or an artificial or prerecorded voice to place these calls.

25. Defendant knowingly and willfully placed these calls.

26. Defendant knew, or had reason to know, that Plaintiff did not want it to place these calls.

27. Plaintiff is annoyed and feels harassed by these calls, which continued despite being informing Defendant that he wanted the calls to stop.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)**

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CAMERON WILLIAMS, respectfully requests judgment be entered against Defendant, U.S. BANK, N.A. d/b/a Cardmember Service, as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: three hundred and twenty-two (322) for a total of one hundred and sixty-one thousand dollars ($161,000.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)(3)(C)**

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

33. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CAMERON WILLIAMS, respectfully requests judgment be entered against Defendant, U.S. BANK, N.A. d/b/a Cardmember Service, as follows:

    a.    Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: three hundred and twenty-two (322) for a total of four hundred and eighty-three thousand dollars ($483,000.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: January 24, 2020

                                      RESPECTFULLY SUBMITTED,

                                      By: */s/* Brett D. Cragun
                                            Brett D. Cragun (Utah Bar No. 8683)
                                            Cragun & Cragun
                                            PO Box 160234
                                            Clearfield, UT 84016
                                            Tel: (801) 450-3267
                                            Fax: (801) 513-2082
                                            Email: brett@brettcragun.com
                                            Attorney for Plaintiff,
                                            CAMERON WILLIAMS